E-FILED
Wednesday, 14 December, 2011 12:44:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEC 14 2011

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| Dale B. Adams<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>) Case No. 11-2289<br>) |
| FBI Director, Robert Mueller (FBI)<br>U S Attorney General, Eric Holder (US DOJ)<br>Sec. Janet Napolitano, Dept of Homeland Security<br>Illinois Secretary of State, Jesse White<br>IL Administrative Hearing Counselor Marc Loro<br>Defendant | )<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq, federal common law for injunctive, as well as declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201-02, Bivens v. six unknown narcotics officers, 42 U S C § 1983, 1985 & 1986 and other appropriate relief. Adams is seeking the expedited processing and release of agency records requested by plaintiff from defendants United States U S Attorney General, Eric Holder, Dept of Homeland Security, the Director of the FBI, Robert Mueller, Illinois Secretary of State, Jesse White and Legal Counsel Marc Loro to provide evidence that the Patriot Act, Bio-terrorism Act and the Detention Authority Provisions in S.1253, of the National Defense Authorization Act for 2012, (§ 1031, 1032 and 1036) are UnConstitutional.

### I. JURISDICTION AND VENUE

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 28 U.S.C.§ 2412 and 552(a)(6)(E)(iii). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701-706., et seq.

2. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## II. PARTIES

3. Plaintiff is Dale B. Adams of 2313 Anvil Drive, Harrison, AR. 72601, P:(870) 204-6164

4. Defendant's are Director, Robert Mueller, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602-4843, Fax: (540) 868-4391/4997

5. Defendant's are the United States Attorney General; Eric H. Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, P:(202) 514-2001

6. Defendant's are Secretary Janet Napolitano, Department of Homeland Security, U.S. Department of Homeland Security, Washington, D.C. 20528

7. Defendant's are Illinois Secretary of State, Jesse White of 2701 South Dirksen Pkwy, Springfield, Illinois, 62723, P: (217) 782-3619

8. Defendant's are Illinois Department of Administrative Hearings, Legal Counsel, Marc Loro of Howlett Bldg. Rm 212, Springfield, Illinois, 62756, P: (217) 782-7065

## III. PLAINTIFF'S FOIA REQUESTS AND REQUEST FOR EXPEDITED PROCESSING

9. On the date of November 15, 2011, I faxed a FOIA request to the FBI Headquarters requesting any information about me being wrongfully placed onto the Patriot Act watch list because evidence suggests Republican Congressmen and the FBI under the Bush Administration violated the law to intentionally harm me for expressing my First Amendment rights [Exhibit A]

10. To ensure the FBI complied with the FOIA, a signed Certification of Identity directed the FBI to also send a copy of these documents to Judge Marschewski, [W. D. Ark ] [Exhibit B]

11. On November 16, 2011, I faxed an addendum to the FOIA request seeking more information and requested it be incorporated as one FOIA request but sent another Certification of Identity form moving the FBI to forward these documents to Judge Marschewski    [Exhibit C]

12. I requested a Fee Waiver and informed the FBI that this request related to information I was

intending to make public by expressing my First Amendment rights to free speech, free press and to pursue legal redress

13. I requested Expedited Processing to prevent the undue death to my wife, Cherie Adams and so I could get her medical care to prevent blindness

14. I requested specific exemptions be noted in their response

15. Although Adams made 54 requests for documents the FBI responded on December 2, 2011, stating that the few requests I made about satellite surveillance harming my wife and I doesn't, *"fall under the purview of FOIPA,"* with no specific exemptions to other requests   [Exhibit D]

16. That my wife and I have health problems and we believe the U S military is shooting us with harmful satellite rays with radiation which causes cancer and my wife has a Doctor appointment on December 14, 2011 for possible surgery for thyroid cancer

17. Medical Journals prove that high stress from family member deaths is also the cause of thyroid problems indicating the defendants constant refusal to abide by the law caused my wife's pain

18. That Plaintiff has exhausted the applicable administrative remedies for 2 years attempting to get the defendants to abide by the law and to release these records to no avail

19. That three deaths have occurred in our family, we have suffered from cruel and unusual punishment and had most of our civil and Constitutional rights eradicated due to the Patriot Act and we plead for expedient judicial review to prevent any further undue loss of life

20. That although plaintiff explained that expedited processing was needed to prevent the loss of life to family members, the FBI showed deliberate indifference to the health and welfare of a human being and refused to comply with my FOIA request in order to preserve the Patriot Act and deny our civil and Constitutional rights, including due process rights, while conspiring with the Judicial branch to entrap me with a crime violating U S Const. Amend IV

21. That we are suffering from severe emotional, physical and financial distress due to this trauma which could have been avoided if the FBI would abide by the law and respect a citizen's

Constitutional rights to life, liberty and property as well as privacy under the 4th Amendment

22. Plaintiff is entitled to expedited processing of its FOIA requests and judicial review

23. Defendants have wrongfully withheld the requested records from plaintiff

### IV. DEFENDANT'S FAILURE TO RESPOND DENIED PLAINTIFF'S ENTITLEMENT TO DUE PROCESS OF LAW AND TO EXPRESS FIRST AMENDMENT RIGHTS

24. That Adams informed the FBI in the November 15, 2011, FOIA Request on the bottom paragraph of page #1, that he needed these records to preserve his Constitutional rights as stated

    *"I also request expedited processing because I will lose substantial due process rights if the records are not processed quickly. The information requested will assist me in my lawsuit against Tyson Foods to ensure my Constitutional rights are preserved and defended"*

25. That on page two under the titled FOIA Request #1, it states how we have been contacting the FBI and US DOJ since May of 2009 to abide by the law as stated

    *"I began contacting the U S DOJ and FBI both to file charges against Tyson Foods, employee's and numerous federal agencies for violating laws in May of 2009"*

26. Defendants have wrongfully withheld the requested records from plaintiff while conspiring with the Judicial branch of the 8th Circuit to wrongfully entrap me with a crime violating our privacy and the separation of powers doctrine to preserve the Patriot Act even if they cause death

27. Judge Hendren failed to file and return valid legal evidence proving my 1st Amendment rights were violated to wrongfully place me onto the Patriot Act to delay and deny justice [Exhibit E]

28. Ironclad evidence of egregious crimes of the Executive Branch of the 8th Circuit are the Request for Formal Investigations filed in *Adams v. U S DOJ*, Cause # 10-3117 that were ignored by the court, the U S Dept of Justice and the FBI, thereby violating the APA to conceal and, "cover up" crimes and it is the motive for these federal officials to use any means necessary to deliberately harm us with satellite waves or entrap us with any possible crime  [Exhibit F]

### V. CAUSES OF ACTION

**1. First Cause of Action:**

29. Violation of the Freedom of Information Act for,

30. Failure to Timely Respond to Requests for Expedited Processing to prevent harm or death

31. Plaintiff repeats and re alleges paragraphs 1-32

32. Defendants' failure to timely respond to plaintiff's requests for expedited processing violates the FOIA, 5 U.S.C. § 552

**2. Second Cause of Action:**

33. Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq, for

34. Failure to Timely Respond to Requests for Expedited Processing to preserve Plaintiff's rights to Due Process and to express First Amendment Rights to Legal Redress, free speech and press

35. Plaintiff repeats and re alleges paragraphs 1-37

36. Defendants' failure to timely respond to plaintiff's requests for expedited processing constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA, thereby violating Adams First, Fourth, Fifth and 14th Amendment rights, ignoring possible death

37. Defendants' failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA and violating Adams First, Fourth, Fifth, Eighth and 14th Amendment rights

**3. Third Cause of Action:**

38. EQUAL ACCESS TO JUSTICE ACT

39. Plaintiff requests legal fees and costs for the two years attempting to get these documents

**4. Fourth Cause of Action:**

40. Violation of the U S Constitution Amendments I, IV, V, VIII, XIV

41. Plaintiff repeats and re alleges paragraphs 1-46

42. Denying Adams evidence from a FOIA request to pursue legal redress in court violating free speech, and freedom of the press to deny Adams his First Amendment rights

43. Denying Adams proof within a FOIA request that his Fourth Amendment rights to privacy by wiretapping his home, phones, email, internet, cell phones and tampering with his fax machine to entrap him with a nonexistent crime

44. Withholding evidence in a FOIA request for a civil matter of his innocence to preserve LIFE denying U S Const Amend V

45. Conspiring with the Judicial Branch of the 8th Circuit to violate our privacy to entrap me for any crime thereby violating the Separation of Powers Doctrine to cause three (3) deaths - trying for FOUR deaths which violates the 8th Amendment causing cruel and unusual punishment

46. Mandating that Arkansas State and local officials be federally trained to violate Adams' privacy and Constitutional rights thereby violating the 14th Amendment to Equal Justice Under the law

**5. Fifth Cause of Action:**

47. Violation of 42 U S C § 1983, 1985 & 1986

48. Plaintiff repeats and re alleges paragraphs 1-50

49. Intentionally Conspiring to deprive Adams of his Constitutional Right to Travel by unlawfully denying driving privileges for 10 years and denying other Civil and Constitutional Rights for expressing his political beliefs and exercising his first amendment rights that caused three Deaths

50. Violating 18 U S C § 241, conspiring together either individually or collectively to deliberately deprive Adams of Civil and Constitutional rights showing reckless disregard to his many pleas to preserve the life of family members, thereby intentionally causing three (3) deaths and intending to cause a forth death to my disabled wife, Cherie Adams if I can't drive her to get surgery [Exhibit G]

**WHEREFORE, plaintiff prays that this Court:**

A. order defendants immediately to process the requested records in their entireties;

B. order defendants, upon completion of such expedited processing, to disclose the requested records in their entireties and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs, damages and reasonable legal fees incurred in this action;

E. grant such other relief of 50 Billion Dollars or as the Court may deem just and proper;

F. grant our requests for entitlement under the EAJA for prior legal costs;

G. determine if the Patriot Act and other pertinent laws are UnConstitutional

Signed on this 10th day of December, 2011.

Respectfully submitted,

_____
Dale B Adams
2313 Anvil Drive
Harrison, AR. 72601
P: (870) 204-6164

## VERIFICATION

I Dale B Adams, pro se, am the plaintiff in this action, I have written and read the foregoing complaint and all of the pleadings in the above cause matter. The matters stated in the pleadings are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I do solemnly affirm that the statements within are from my own personal knowledge and belief, true and correct in substance and in fact, not meant to deceive, made in good faith and affirmed to provide proper testimony and evidence into the record of this matter, in lawful defense of our civil and Constitutional rights.

I declare under penalty of perjury under the laws of the State of Arkansas that the foregoing is true and correct.

Signed on the 10th Day of December, 2011.

_____
Dale B Adams

## JUDICIAL COGNICANCE

All officers of the court for Illinois are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: pro se litigants (Adams is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.